```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DALE HOUGHTON, | HONORABLE JOSEPH E. IRENAS |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 08-2162 (JEI/AMD) |
| SUNNEN PRODUCTS COMPANY, | **OPINION** |
| Defendant. | |

**APPEARANCES:**

WILLIAM RIBACK, LLC
By: William Riback, Esq.
132 Haddon Ave.
Haddonfield, New Jersey 08033
      Counsel for Plaintiff

LITCHFIELD CAVO, LLP
By: Kathleen J. Collins, Esq.
    Tobin A. Butler, Esq.
1800 Chapel Ave. West, Suite 360
Cherry Hill, New Jersey 08002
      Counsel for Defendant

**IRENAS**, Senior District Judge:

    Presently before the Court is Defendant Sunnen Products Company's Motion to Exclude the Opinion of Plaintiff's Expert, Thomas M. Hawkins. For the reasons set forth below, the Motion will be granted.

**I.**

    The facts of this employment discrimination case have been set-out in this Court's previous opinion addressing the parties' motions for summary judgment, see *Houghton v. Sunnen Products Co.*,

2010 WL 1799154 (D.N.J. May 4, 2010), and need not be fully repeated here.  At issue in this Motion is the expert report and testimony of Thomas M. Hawkins, a former Sunnen technician.

Hawkins was employed by Sunnen for almost 30 years.[1]  During that time, he gained knowledge and training in the technical aspects of honing equipment and tooling.  While he spent approximately five years in Sunnen's sales department, even there he was a "Technical Rep" who "assist[ed] the technical department and also the outside sales force."  (Hawkins Report, p. 1)[2]  Hawkins states that his opinions are based on his "personal and professional knowledge of honing machines and tooling." (Id.)

Hawkins's expert report opines that Houghton was qualified for an industrial sales position at Sunnen.[3]  Hawkins bases his opinion on his knowledge of industrial honing and tooling, and on an interview with Houghton.

Houghton apparently intends to use Hawkins's report and testimony to cast doubt on one of Sunnen's proffered reasons for

---

[1] Hawkins's and Houghton's positions were eliminated in the same RIF.

[2] Hawkins testified that as a "technical service rep" he performed "lab job testing . . . for functionality on a . . . particular machine, and give [salesmen] a detailed report." (Hawkins Dep., p. 14)  He also testified that prior to becoming a technical service rep, he assembled gauges.  (Id.)

[3] Hawkins's report also opines that Houghton was more qualified than two other Sunnen employees who were retained, but at oral argument on this Motion, Houghton's counsel stipulated to withdraw that portion of the report and testimony.

not hiring him for an industrial sales position, namely that Houghton lacked the industrial machine shop background to become an industrial salesman.[4]

Sunnen moves to exclude the expert report and attendant testimony at trial.

## II.

Federal Rule of Evidence 702 provides,

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Rule 702 has three major requirements: (1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." *Pineda v. Ford Motor Company*, 520 F.3d 237, 244 (3d Cir. 2008)(Irenas, S.D.J., sitting by designation) (internal citations omitted).

As to the second requirement, the Third Circuit has stated that "an expert's testimony is admissible so long as the process or

---

[4] Sunnen also asserts that Houghton was not offered an industrial sales position because he did not live in a territory with an open position.

technique the expert used in formulating the opinion is reliable." *Id.* (internal citations and quotations omitted).

*Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) instructs that the district court must act as a gatekeeper, "'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert*).

### III.

The Motion will be granted because Hawkins's opinion is not the result of reliable principles and methods. Hawkins's expert report does not describe any technical method or principle which he applied to arrive at his opinion. Instead, he states that his opinion is based on his extensive knowledge of honing and tooling. But being qualified as an expert[5] does not automatically render expert opinions admissible. Rule 702 makes clear that knowledge and experience may be sufficient to *qualify* an expert, but are not

---

[5] The Court assumes without deciding that Hawkins's technical training and decades-worth of experience at Sunnen qualifies him as a technical expert on honing equipment and tooling.
   It is worth mentioning however, that Hawkins opines on Houghton's qualification to be an industrial *sales* person. Insofar as Hawkins's experience and knowledge is limited to the technical aspects of honing, he may not be qualified as an expert on industrial sales. There are important differences between technical knowledge and skill, and the knowledge and skill required to sell a product.

4

sufficient to render the expert's testimony *admissible*. Admissibility depends on reliability and relevance.  *See Kumho*, 526 U.S. at 141.

Although Hawkins "interviewed" Houghton by telephone to assess his knowledge "pertaining to industrial honing" (Hawkins Report, p. 2), the interview consisted of nothing more than questions Hawkins arbitrarily selected.  The twenty-five interview questions (attached to Hawkins's report) were not taken from an industry source or technical publication.  Hawkins testified, "I took some of my technical expertise and wrote a list of questions, technical questions that I thought pertained to industrial applications and honing."  (Hawkins Dep., p. 24-25)  While it appears that the interview was intended to be a "test" (Hawkins Report, p. 2), nothing suggests that the test was standardized.

Such an interview is not reliable; it cannot be independently verified or tested and there are no standards controlling the interview's operation.  *See Kumho*, 526 U.S. at 150 (in determining the reliability of expert testimony, the trial court should consider whether the technique can be tested and whether there are general standards governing the technique's operation).

The Court concludes that Hawkins's expert opinion is not the product of any reliable technique or methodology, therefore his report and testimony must be excluded.

**IV.**

In light of the foregoing, Sunnen's Motion to Exclude will be granted.  The Court will issue an appropriate order.

Dated: September 27, 2010

                                            s/ Joseph E. Irenas
                                       **Joseph E. Irenas, S.U.S.D.J.**